UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEQUARIUS D. FITZPATRICK,

Plaintiff,

v. Case No. 24-CV-961

REBECCA FRISCH, et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Dequarius D. Fitzpatrick, who is representing himself, is proceeding on an Eighth Amendment deliberate indifference claim against Defendants Rebecca Frisch and Jay Howarth in connection with a self-harm incident at the Green Bay Correctional Institution on July 18, 2021. Dkt. Nos. 1 & 7. On May 22, 2025, the Court denied Plaintiff's motion to compel because all relevant videotape evidence of the incident had already been produced; and Defendants could not produce what does not exist. Dkt. No. 20. On June 2, 2025, Plaintiff filed a motion to reconsider and for sanctions. Dkt. No. 21. Plaintiff attaches an evidence sheet used in his conduct report hearing which refers to "BWC" (body-worn camera) from both Officer Frisch and Officer Maher. Dkt. No. 21-1 at 1. Plaintiff explains that he only received body camera footage from Officer Frisch during discovery; and he asks for an order to compel Defendants to also produce the body camera footage from Officer Maher, or alternatively, for sanctions based on spoliation of evidence. Dkt. No. 21.

The Court will deny Plaintiff's motion in its entirety. With respect to the motion to reconsider, the circumstances remain the same, and Defendants still cannot produce what does not

exist. While it is possible that there may have been body camera footage from Officer Maher in August 2021 (when the conduct report hearing occurred), Defendants have confirmed that the only video that still exists today is the body camera footage from Officer Frisch (which has already been produced). Because Defendants still cannot produce what does not exist, the Court will deny the motion to reconsider. With respect to the motion for sanctions, Plaintiff must establish that Defendants willfully abused the judicial process or otherwise conducted the litigation in bad faith. *Ramirez v. T&H Lemont, Inc.,* 845 F.3d 772, 776 (7th Cir. 2016). Here, there is no evidence that Defendants failed to preserve Officer Maher's body camera footage in bad faith or to willfully abuse the judicial process. As a preliminary matter, the conduct report hearing occurred in August 2021 and this lawsuit was not filed until July 2024—three years later. Additionally, the evidence sheet Plaintiff refers to specifically states "would be cumulative" and "will not present" with respect to "BWC Maher." Dkt. No. 21-1 at 1. Institutions routinely delete videos over time because they do not have the storage capacity to save all videos; and it would not be reasonable to expect preservation of "cumulative" evidence for three years. Plaintiff has access to Defendant's body camera footage; and his inability to watch an additional video from a non-defendant that captured the incident from a slightly different angle does not prejudice him. Therefore, the Court will also deny the motion for sanctions.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration, motion for sanctions (Dkt. No. 21) is **DENIED.**

Dated in Milwaukee, Wisconsin this 7th day of July, 2025.

Stephen C. Dries

STEPHEN C. DRIES
United States Magistrate Judge

3

Case 2:24-cv-00961-SCD    Filed 07/07/25    Page 3 of 3    Document 33